UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONNELL MITCHELL, | ) | CASE NO. 1:07 CV 1579 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JENNIFER LEE BLASCZAK, | ) | |
| | ) | |
| Defendant. | ) | |

On May 29, 2007, pro se plaintiff Donnell Mitchell filed the above-captioned in forma pauperis action against defendant Jennifer Lee Blasczak. He asserts that Ms. Blasczak's "incompetence" and history of cruel and malicious tactics violates his rights under the Americans with Disability Act. He seeks $20,000,000.00 in lost revenue.

*Background*

Mr. Mitchell alleges that he was a licensed bail bondsman from March 22, 1997 until March 21, 2003. His "daily duties included working as an employee of the Cleveland Bonding Company (d.b.a.) Turoczy Bonding Company" in Cleveland, Ohio. Ms. Blasczak worked as the office manager at Cleveland Bonding during that same time period. Plaintiff alleges that she used her "power and influence" to intentionally send false and detrimental statements to the "department of insurance (a government regulated agency)." Her actions resulted in the loss of Mr. Mitchell's property and casualty license and surety bail bond license with the state of Ohio, permanently.

A "DOI Hearing" was allegedly scheduled for May 16, 2002. Mr. Mitchelll alleges that Ms. Blasczak deliberately withheld that information from him. It was this "malicious act" that resulted in the permanent revocation of his license. She also used false statements to slander his name and reputation with the department of insurance. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

### Standard of Review

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

### Americans with Disability Act

Mr. Mitchell has failed to state a claim under the ADA. Disability discrimination involves a plaintiff (1) who is disabled; (2) who is otherwise qualified for the job, with or without reasonable accommodation; (3) who suffered an adverse employment decision; (4) who the employer knew or had reason to know of his disability; and (5) where, after his termination, the position remained open, or the disabled employee was replaced. Monette v. Elec. Data Sys. Corp., 90 F.3d

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

1173, 1185 (6th Cir.1996). While it is not necessary to make a prima facie showing of discrimination, Mr. Mitchell's complaint falls well below basic pleading requirements, making only fleeting reference to the ADA. He does not allege that the defendant acted against him because of his handicap. His complaint simply fails to allege disability discrimination. In short, nothing in the complaint gives the defendant "fair notice of the basis for petitioner's [ADA] claim[ ]" Swierkiewicz v. Sorema N.A., 534 U.S.506 (2002).

Even liberally construing the facts in Mr. Mitchell's favor as a pro se litigant, the court cannot identify any legal claim over which it has subject matter jurisdiction. Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Inasmuch as Mr. Mitchell's federal claims cannot survive, this court declines to exercise supplemental jurisdiction over any potential state law claims in this case pursuant to 28 U.S.C. § 1367(c)(1). Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. §1367(c)(3): Gregory v. Hunt, 24 F.3d 781, 790 (6th Cir. 1994)(where no federal claims remain, the district court has discretion as to whether it should dismiss supplemental state law claims).

3

Accordingly, plaintiff's application to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*Donald C. Nugent 8/21/07*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4